**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GREGORIO JUAREZ; ELVA URANIA
JUAREZ,
Petitioners,

v.                                                                    No. 97-1508

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A-703-684-585, A-703-684-586)

Submitted: September 30, 1997

Decided: October 28, 1997

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Jaime W. Aparisi, Washington, D.C., for Petitioners. Frank W. Hun-
ger, Assistant Attorney General, David V. Bernal, Senior Litigation
Counsel, Jane Gomez, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Gregorio Juarez (Juarez), a citizen of Guatemala, seeks review of a Board of Immigration Appeals (BIA) decision and order affirming the immigration judge's decision finding Juarez deportable, denying his application for asylum[1] and withholding deportation,[2] and granting his request for voluntary departure. Juarez's wife, Elva Urania Juarez, is a co-petitioner. She was included on Juarez's application for asylum and is subject to the BIA's order of deportation. Juarez, who entered the United States in March 1993, claims that he was persecuted while in Guatemala and that he has a well-founded fear of persecution if he returns to Guatemala. After review, we deny the petition.

To be eligible for refugee status and discretionary asylum, Juarez must show a reasonable possibility of persecution, or that a reasonable person in similar circumstances would fear persecution on account of his political beliefs or one of the other enumerated provisions of the statute. Juarez testified at the hearing held by the immigration judge that he feared for his life if he returned to Guatemala because he belonged to a civil defense organization from 1987 to 1989. According to Juarez, he has this belief because guerillas demanding food and money visited his home several times in the months preceding his departure from Guatemala in 1993.

Statute provides that administrative findings of fact are conclusive unless a reasonable adjudicator is compelled to conclude otherwise.[3] Therefore, we will uphold the decision of the BIA unless the evidence compels the conclusion that Juarez has a well-founded fear of

_____

**1** See 8 U.S.C. § 1158(a) (1994).
**2** See 8 U.S.C. § 1253(h) (1994).
**3** See 8 U.S.C.A. § 1252(b)(4)(B) (West 1970 & Supp. 1997).

persecution.**4** In this case, the evidence simply does not compel the conclusion that Juarez will be subjected to persecution or other harm upon his return to Guatemala.

The immigration judge found Juarez's testimony credible but unable to satisfy the standards for granting asylum or withholding deportation. While the guerillas visited Juarez's home several times over a period of several months, they only demanded food and assistance. The guerillas did not single-out Juarez for his prior membership in the civil defense or his political opinions. Besides the incidents at his house, Juarez presented no evidence that he was ever harassed or even contacted by the guerillas anywhere else in Guatemala. While having armed visitors may be terrifying, the record does not compel a finding that the immigration judge erred in finding that Juarez failed to establish past persecution, or a well-founded fear of persecution on account of actual or imputed political opinion or any of the other grounds for which asylum may be granted: race, religion, nationality, or membership in a particular social group.**5**

In conclusion, Juarez failed to establish that the guerillas will persecute him because of his former membership in the civil defense, or that he faces any harm beyond the civil unrest in Guatemala itself.**6** While conditions in Guatemala remain imperfect, Juarez's young children and parents continue to live in Guatemala without incident, and a State Department report on human rights concludes that similarly situated individuals have little to fear upon returning to Guatemala.

Because substantial evidence supports the decision of the BIA, Juarez's petition for review is denied, and the decision of the Board of Immigration Appeals is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED
_____

**4** **I.N.S. v. Elias-Zacarias**, 502 U.S. 478, 481 (1992).

**5** **See M.A. v. I.N.S.**, 899 F.2d 304, 312-14 (4th Cir. 1990) (in banc).

**6** **See Elias-Zacarias**, 502 U.S. at 483; M.A., 899 F.2d at 314-15.

3